UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**ANGELO BUGIADA,**

**Petitioner,**

**v.** **Case No. 5:26-cv-550-CEM-PRL**

**WARDEN, HERNANDO COUNTY DETENTION CENTER,**

**Respondent.**

_______________________________/

ORDER

THIS CAUSE is before the Court on Angelo Bugiada's Petition for Writ of Habeas Corpus ("Petition," Doc. 1) filed pursuant to 28 U.S.C. § 2241. Petitioner alleges he is illegally being held in the Hernando County Detention Center as a pretrial detainee due to an "unlawful search and seizure." *Id*. at 1, 6. For the reasons set forth below, the Petition will be dismissed.

## I. BACKGROUND

Petitioner is a State of Florida pretrial detainee housed in the Hernando County Detention Center. In November 2024, Petitioner was arrested in Hernando County, Florida, and was charged, by Information, with trafficking in methamphetamine, drug possession, and possession of paraphernalia. *See* Case No. 27:2024CF11684 (Hernando County, Fla.).

## II. ANALYSIS

A state pretrial detainee may challenge his confinement as unconstitutional by petitioning for habeas corpus relief under 28 U.S.C. § 2241. *Hughes v. Att'y Gen. of Fla.*, 377 F.3d 1258, 1261–62 (11th Cir. 2004) (holding that a pretrial petition for habeas corpus relief is properly brought under 28 U.S.C. § 2241, regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him). Nonetheless, Petitioner is not entitled to relief under § 2241 because he does not allege or demonstrate that he has exhausted his claims in state court. *Wilkinson v. Dotson*, 544 U.S. 74, 79 (2005). Notably, federal habeas relief is not intended as a "pre-trial motion forum for state prisoners." *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 493 (1973).

Further, principles of equity, comity, and federalism require the Court to abstain from interfering in state criminal proceedings. *See Younger v. Harris*, 401 U.S. 37, 45 (1971) (stating "absent extraordinary circumstances" federal court should not enjoin state criminal proceedings). Pursuant to *Younger*, federal courts should abstain from granting injunctive or declaratory relief affecting a state criminal prosecution absent a showing of: (1) evidence of bad faith prosecution, (2) irreparable injury if abstention is exercised by the federal court, or (3) the absence of an adequate alternative state forum where the constitutional issues can be raised. *Hughes v. Att'y Gen. of Fla.*, 377 F.3d 1258, 1263 n. 6 (11th Cir. 2004) (citing *Younger*, 401 U.S. at 45, 53-54). Petitioner argues that searches by law enforcement "were conducted without a warrant and without valid voluntary consent" and that

the officer "omitted material information and included misleading representations within probable cause allegations." (Doc. 1 at 6). Petitioner further claims the State has committed *Brady*/*Giglio* violations and that his motions and objections filed in State court are "ineffective to protect [his] constitutional rights." *Id*. at 6–7. The Court does not find these circumstances sufficient to overcome *Younger*. Nor do they warrant application of a recognized exception to the *Younger* doctrine. Florida state courts have adequate and effective procedures for reviewing his claims through the trial and appellate courts. The Petition is therefore due to be dismissed.

## III. CONCLUSION

It is therefore **ORDERED** and **ADJUDGED** as follows:

1. The Petition (Doc. 1) is **DISMISSED without prejudice**.
2. The Clerk of Court shall terminate any pending motions and close this case

**DONE** and **ORDERED** in Orlando, Florida on September 22, 2026.

CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Unrepresented Party